IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELVIN A. MCCABE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEN YSURSA, SECRETARY OF ) <br> STATE, INDIVIDUALLY AND IN ) <br> HIS OFFICIAL CAPACITY ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CV-07-357-S-BLW <br><br> **INITIAL REVIEW ORDER** |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 (e) and 1915 A. Plaintiff also filed a request for *in forma pauperis* filing status.

Having reviewed the record, the Court has determined that the Complaint fails to state cognizable claims. Therefore, Plaintiff's claim will be dismissed, and his request for *in forma pauperis* status is moot.

**INITIAL REVIEW ORDER 1**

## REVIEW OF COMPLAINT

Plaintiff is a prisoner at the South Idaho Correctional Institution (SICI). Plaintiff's status as a convicted felon who is currently incarcerated disqualifies him from voting in national, state or local elections. ID. CONST. Art.VI § 3, and I.C. § 18-310(1)[1]. Plaintiff's complaint alleges that the Idaho Code section under which the Plaintiff was sentenced allows for an alternative sentence of a fine without incarceration. I.C. § 18-7001. Plaintiff provided a copy of his Judgment of Conviction which stated that the maximum penalty was, "[i]mprisonment in the state penitentiary for 5 years and/*or* a fine of $1,000" (emphasis added), however, review of the statute as it was written at the time Plaintiff committed the crime for which he was sentenced reveals that a term of no less than 1 year in the state penitentiary was mandatory and a fine of up to $1,000 could also be ordered *in addition to* the mandatory term in the penitentiary. Idaho

---

[1]Idaho Constitution Article VI § 3 states in relevant part:
>No person shall be permitted to vote . . . who has, at any place, been convicted of a felony, and who has not been restored to the rights of citizenship, or who, at the time of such election, is confined to prison on conviction of a criminal offense.

ID. CONST. Art. VI § 3

Idaho Code § 18-310(1) reads in relevant part:
>A sentence of custody to the Idaho State Board of Corrections suspends all the civil rights of the person so sentenced . . . and provided further that any such person may lawfully exercise all civil rights that are not political during any period of parole or probation.

I.C. § 18-310(1)

**INITIAL REVIEW ORDER 2**

Code § 18-7001 as it was written prior to its amendment in 2005 reads in relevant part:

> [if a] person is guilty of a felony [under this code section, such felony] *shall* be punishable by imprisonment in the state prison for not less than one (1) year nor more than five (5) years, and *may* be fined not more than one thousand dollars ($1,000), or by both such fine and imprisonment.

I.C. §18-7001 (1998) (amended 2005) (emphasis added).

    Had the plaintiff's sentence been a fine with no incarceration, his right to vote would not have been denied.  Because Plaintiff believed there to be a potential for an alternative sentence, he alleges that Idaho's voting disqualification scheme is unequally applied as between persons convicted of the same crime who receive different sentences.  The voting rights of those sentenced to incarceration, probation and parole are denied, while those sentenced to a fine and no incarceration suffer no such denial.  However, Plaintiff lacks standing to bring this argument since no alternative sentence existed in the code section under which he was sentenced.  For that reason Plaintiff's Complaint must be dismissed.

**INITIAL REVIEW ORDER 3**

## ORDER

NOW IT IS HEREBY ORDERED that Plaintiff's case is DISMISSED without prejudice. The case having been dismissed, Plaintiff's Motion for *In forma pauperis* status is MOOT.



DATED: **June 6, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER 4**